IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

COBY TOWNSEND HURST                                                                                      PLAINTIFF

v.                                        Civil No.  14-5270

CASSIDY HOUSTON HURST                                                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff, Cody T. Hurst, filed this civil case on September 2, 2014.  He is currently incarcerated in the Benton County Detention Center (BCDC) located in Bentonville, Arkansas. He names as a Defendant Cassidy Houston Hurst of Fayetteville, Arkansas.

**1.  Background**

According to the allegations of the complaint (Doc. 1), Defendant has: a second trust in the amount of $790,000 that is not signed by the Plaintiff; changed an E-trade account from Jimmy Byrd Hurst's address in Missouri to his own computer in Fayetteville, Arkansas; and transferred a company, Heartland-Cole, Inc., located in Easter, Kentucky, from Jimmy Hurst's name into his own.  Plaintiff indicates Jimmy Hurst is his Father.  As relief, Plaintiff asks that the Defendant be jailed and made to pay $1 million in damages.

Plaintiff did not submit with the complaint either an *in forma pauperis* (IFP) application or the filing fee.  Instead, Plaintiff asked how much the filing fee was so that he could  pay it. He was advised that the filing fee is $400 ($350 plus a $50 administrative fee) and given until September 15, 2014, to either pay the filing fee in full or submit an IFP application.   The Clerk was directed to send the Plaintiff a blank IFP application.  Because Plaintiff had not stated in the

-1-

complaint grounds for this Court having jurisdiction over his case, he was also directed to file an amended complaint by September 15th.

Plaintiff did not complete the IFP form. Instead, he responded by indicating (Doc. 5) he makes around $3000 to $3500 per month and has a house payment of $790 per month. As assets, he mentions a 1972 Duster, a 1999 "Eldo Caddy," and mineral rights if they had not been stolen by Jackie R. Whomble or the Defendant. With respect to the Court's jurisdiction, he asks the Clerk to "fill in the U.S. Civil Statute that best fits all the . . . crimes Cass Hurst com[m]itted!"

He also filed an amended complaint on September 12th (Doc. 4). In the amended complaint, he states the Defendant committed federal crimes by moving the E-trade account across state lines. Plaintiff also alleges the Defendant receives mail, including checks, from the second trust and the Heartland-Cole company. Plaintiff maintains that Defendant used his computer and fax machine in Fayetteville to steal $68,000.

## 2. Discussion

Federal courts are courts of limited jurisdiction. See e.g., Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and

without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)(quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382) (alteration in original)).

No jurisdiction exists in this case. First, to the extent Plaintiff is attempting to assert a civil rights claim against the Defendant, the claim fails. Defendant is a private party who is not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). Defendant did not act under color of law when conducting business and/or appropriating money he had no right to take.

Second, there is no constitutional right to have law enforcement officials investigate a reported crime. See e.g., Sheets v. Mullins, 287 F.3d 581 (6th Cir. 2002)(no due process or equal protection violation by sheriff's department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." Kallstrom v. City of Columbus, 136 F.3d 1055, 1065 (6th Cir. 1998)(citing DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 195 (1989)).

Similarly, victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986); Frison v. Zebro, 339 F.3d 994, 998-1000 (8th Cir. 2003)(rejecting a § 1983 claim based on the violation

AO72A
(Rev. 8/82)

of a criminal statute); In re Kaminski, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

Finally, no diversity jurisdiction exists. "Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." Northport Health Services of Arkansas, LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 2010). Both the Plaintiff and the Defendant are citizens of Arkansas. Diversity of citizenship does not exist.

### 3. Conclusion

For the reasons stated, this case should be dismissed as the Court lacks jurisdiction over the claims asserted.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of September 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE